UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| GLEN MURPHY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALERIS ROLLED PRODUCTS, INC. )<br>)<br>Defendant. )<br>) | CASE NO.: 4:20-CV-115-JHM<br><br>*Electronically Filed* |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant Aleris Rolled Products, Inc. ("Aleris" or "Defendant"), incorrectly identified in the Complaint as "Aleris Rolled Products LLC," hereby files this Notice of Removal of this civil action from the Hancock Circuit Court, Hancock County, Kentucky, to the United States District Court for the Western District of Kentucky, Owensboro Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a). The grounds for removal are as follows:

1. This civil action, currently captioned as Glen Murphy v. Aleris Rolled Products LLC, Action No. 20-CI-00050 (hereafter "State Court Action"), was commenced in the Hancock Circuit Court, Hancock County, Kentucky upon Plaintiff's filing of a Complaint against Aleris on June 24, 2020. True copies of all process, pleadings, and orders served upon Aleris are attached hereto as ***Exhibit 1***.

2. The United States District Court for the Western District of Kentucky, Owensboro Division, is the proper district and division for removal from the Hancock Circuit Court. 28 U.S.C. §§ 1441(a), 1446(a).

1

3. Defendant was first served with a copy of the summons and Complaint on July 1, 2020, thus, this Notice of Removal is filed within thirty (30) days of the receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. *See* 28 U.S.C. § 1446(b)(1).

4. Defendant has not yet pleaded or answered in the State Court Action, and no motions are pending.

5. The Court has original jurisdiction of this action under 28 U.S.C. § 1332, in that there exists diversity of citizenship between all parties and the amount in controversy exceeds the jurisdictional minimum of this Court.

## CITIZENSHIP OF THE PARTIES

6. At the time this action was filed, and at all times since, the only Plaintiff in this action, Glen Murphy ("Plaintiff"), was and is a citizen of the Commonwealth of Kentucky. (Compl., ¶ 1).

7. Defendant is, and was at the time the Complaint was filed, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Ohio. (*Id.* at ¶ 2). A corporation is a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). "[P]rincipal place of business" means "the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the … corporation's "nerve center." It is normally "where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Aleris' maintains its corporate headquarters in Beechwood, Ohio. Accordingly, Defendant is, and was at the time the Complaint was filed, a citizen of the States of Delaware and Ohio.

8. Complete diversity of citizenship exists between Plaintiff and Defendant in accordance with 28 U.S.C. § 1332(a)(1), because Plaintiff is, and was at the time the Complaint

was filed, a citizen of Kentucky and not a citizen of Delaware or Ohio, and Defendant is and was at the time the Complaint was filed, a citizen of Delaware and Ohio and not a citizen of Kentucky.

## AMOUNT IN CONTROVERSY

9. Plaintiff's Complaint puts more than $75,000 in controversy, the threshold amount for establishing jurisdiction in this Court. *See* 28 U.S.C. § 1332(a).

10. Plaintiff has not included in his Complaint the specific dollar amount of his alleged damages, but it is reasonable to conclude based on the remedies sought in the Complaint that Plaintiff's requested monetary damages exceed the jurisdictional amount necessary to establish diversity jurisdiction. The amount in controversy requirement for removal can be determined from a "fair reading" of a plaintiff's complaint or a "reasonable extrapolation" from allegations contained therein. *Hays v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).

11. In his Complaint, Plaintiff asserts that he was "discriminated against," "passed over for promotions," "moved from department to department," and "subjected to unwelcomed harassment" because of his race and age . (Compl., ¶¶ 57, 58, 64, 67, 73). Plaintiff also asserts that he was subjected to "retaliation" for "exercise of his civil rights" (*Id.* at ¶¶ 14, 50, 83). Plaintiff further asserts in his Complaint that he is seeking compensatory damages, including "economic and other losses," "back pay and and/or damages equivalent to his lost wages," damages for "humiliation, embarrassment, personal indignity, apprehension about his future, emotional distress, and mental anguish," and "costs . . . and attorney's fees". (Compl., Prayer for Relief, at subparagraphs 1-6).

12. Plaintiff specifically seeks to recover "back pay and/or damages equivalent to his lost wages from being unjustly skipped for a promotion." (Compl., Prayer for Relief, at

subparagraph 3). Plaintiff's Complaint goes on to describe three different promotions he did not receive.

13.     Plaintiff first alleges that he applied for and was passed over for a "higher position" "three (3) months after" making a complaint to Human Resources "[i]n the summer of 2015." (Compl., ¶¶ 13, 16). Plaintiff is referring to the Superintendent position in South Casting, and Jesse Riley ("Riley") was promoted to that position. Declaration of Jeff Willis, ¶ 6 (copy attached hereto as ***Exhibit 2***). As a result of this promotion, Riley received a salary increase equal to $12,254.96 per year effective April 1, 2015. *Id.* Thus, assuming Plaintiff had been promoted instead of Riley and had received the same salary increase, Plaintiff's claim for lost wages for this particular promotion totals **$63,317.29** at the time of the filing of the Complaint (i.e., $12,254.96 divided by 12 months and then multiplied by 62 months).[1]

14.     When determining the amount in controversy, courts have considered the amount of back pay actually sought through trial, not just the back pay accrued at the time of filing of the Complaint. *See Weaver v. AT & T Corp.*, No. 10-146-C, 2010 WL 2521462, *2 (W.D. Ky. June 18, 2010) (collecting cases and denying remand after considering back pay beyond the time of removal). *See also Proctor v. Swifty Oil Co.*, 2012 U.S. Dist. LEXIS 141323 (W.D. Ky. 2012). According to the U.S. District Courts' publication on the Median Time Intervals from Filing to Disposition of Civil Cases, it takes an average of 29 months after the date of filing of the Complaint for a civil case to reach trial IN THE Western District of Kentucky. *See* U.S. District Courts – Civil Federal Judicial Caseload Statistics (March 31, 2019), relevant excerpt attached hereto as

---

[1] Defendant's calculation herein regarding Plaintiff's potential damages award is not an admission that he is entitled to any such award; nor does it, in any way, waive any of Defendant's arguments or defenses against such award.

4

***Exhibit 3.*** Applying that average here, it will be November 24, 2022[2] when this matter reaches trial. This would be approximately 7 years and 7.8 months after Plaintiff was allegedly passed over for the promotion to Superintendent in South Casting, and thus, Plaintiff's total claim for back pay and/or lost wages for this particular promotion actually equals **$93,750.44** through trial (i.e., $12,254.96 divided by 12 months and then multiplied by 91.8 months).

15. Alternatively, the second promotion that Plaintiff alleges he should have received was for the position of AOS Manager. (Compl., ¶ 23.) Eric Gray ("Gray") was promoted to this position instead of Plaintiff and received a salary increase of $14,142 per year beginning August 16, 2018. Declaration of Jeff Willis, ¶ 7. If Plaintiff had been promoted to AOS Manager instead of Gray and received the same $14,142 salary increase, then Plaintiff's lost wages for this particular promotion through trial would be **$60,103.50** (i.e., $14,142 divided by 12 months and then multiplied by 51 months).

16. Alternatively, the third promotion that Plaintiff alleges he should have received was for the position of AOS North American Training Manager. (Compl., ¶ 38.) Chip Carpenter ("Carpenter") was promoted to this position and received a salary increase of $6,693.84 per year beginning January 1, 2019. Declaration of Jeff Willis, ¶ 8. If Plaintiff had been promoted to AOS North American Training Manager instead of Carpenter and received the same $6,693.84 salary increase, then Plaintiff's lost wages for this particular promotion through trial would be **$26,105.97** (i.e., $6,693.84 divided by 12 months and then multiplied by 46.8 months).

17. In addition to damages for lost wages, Plaintiff requests compensatory damages for "humiliation, embarrassment, personal indignity, apprehension about his future, emotional distress, and mental anguish." (Compl., Prayer for Relief, at subparagraph 4). The United States

---

[2] For ease of reference, Defendant applies the 29-month average to the date Plaintiff filed his Complaint.

District Court for the Western District of Kentucky has previously approved a valuation of emotional distress damages as equal to compensatory damages. *See Bierne v. Faurecia Exhaust Sys., Inc.*, 2014 WL 3966382 at *3 (W.D. Ky. Aug. 13, 2014). In this case, that would entitle Plaintiff to recover either $93,750.44 or $60,103.50 or $26,105.97 for his alleged emotional distress.

18. Plaintiff also requests his costs and attorney fees. (Compl., Prayer for Relief, at subparagraph 5). At least three of Plaintiff's claims are brought pursuant to the Kentucky Civil Rights Act ("KCRA"), KRS 344. (*Id.* at ¶¶ 6, 53, 62, 78). The KCRA permits an award of attorney fees to a prevailing plaintiff and, therefore, it must be included in the amount in controversy. KRS § 344.450; *see also Bierne v. Faurecia Exhaust Sys., Inc.*, No. 3:13-CV-01156-CRS, 2014 WL 3966382, at *3 (W.D. Ky. Aug. 13, 2014) ("Because the KCRA permits the recovery of reasonable attorney's fees, we must include any amount recoverable for attorney's fees in calculating the amount in controversy."). Courts apply the "lodestar" figure to determine an appropriate attorney fee award, which consists of the product of counsel's reasonable hours multiplied by a reasonable hourly rate. *See Meyers v. Chapman Printing Co.*, 840 S.W.2d 814, 826 (Ky. 1992).

19. This case involves several causes of action under the KCRA, including age and race discrimination, hostile work environment, and retaliation. The Kentucky Supreme Court has found an hourly rate of $150.00 awarded pursuant to the fee-shifting provision of the KCRA to be reasonable. *See Brooks v. Lexington-Fayette Urban Cty. Hous. Auth.*, 132 S.W.3d 790, 809 (Ky. 2004). Following a jury verdict for sexual harassment and constructive discharge under the KCRA, a district court in the Western District of Kentucky found 729.1 hours to be reasonable. *See West v. Tyson Foods, Inc.*, No. 4:05-cv-183M, 2008 WL 5110954 at *2 (W.D. Ky. Dec. 3,

2008).[3] Applying the lodestar method here, even if Plaintiff's attorney bills 500 hours, only about 68% of the hours approved in *West*, and assuming the Court finds $150.00 to be a reasonable hourly rate, Plaintiff could recover $75,000 in attorney fees alone in the instant action.[4]

20. While Aleris specifically denies Plaintiff's claims and entitlement to any and all of the remedies sought, based on the face of the Complaint and on the foregoing evidence, the amount in controversy exceeds the sum or value of $75,000 pursuant to 28 U.S.C. §§ 1332(a) and 1446(c)(2).

21. Because complete diversity of citizenship exists in this matter and the amount in controversy exceeds the sum or value of $75,000, the United States District Court for the Western District of Kentucky, Owensboro Division has jurisdiction of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

22. Pursuant to 28 U.S.C. § 1446, this Notice of Removal is being timely filed within thirty (30) days after receipt by Defendant of the Summons and Complaint, which is the first and only pleading Plaintiff served on Defendant and from which Defendant could ascertain that the case was removable.

23. This Notice of Removal has been signed by counsel for Defendant herein, pursuant to 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that Defendant, upon filing this Notice of Removal with the Clerk of the U.S. District Court for the Western District of Kentucky, has served the Notice of Removal on counsel for Plaintiff on the date set forth in the attached Certificate of

---

[3] The Court in *West* found an hourly rate of $200 to be reasonable. 2008 WL 5110954, at *2.

[4] Defendant expressly reserves the right to object to any motion for attorney fees filed by Plaintiff on any and all bases.

Service and has also filed a copy of this Notice of Removal with the Clerk of the Hancock Circuit Court, to effect removal of this action to this Court, pursuant to 28 U.S.C. § 1446(d).

        Respectfully submitted,

/s/ Kathleen B. Wright
Kathleen B. Wright
kwright@fbtlaw.com
Irina V. Strelkova
istrelkova@fbtlaw.com
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
(502) 589-5400
(502) 581-1087 (facsimile)
*Counsel for Defendant, Aleris Rolled Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2020, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court by using the EM/ECF system, and have served a copy of the foregoing **NOTICE OF REMOVAL** via first class U.S. Mail, postage prepaid, upon the following:

Samuel G. Hayward
ADAMS HAYWARD & WELSH
4036 Preston Highway
Louisville, KY 40213
*Counsel for Plaintiff*

/s/ Kathleen B. Wright
*Counsel for Defendant Aleris Rolled Products, Inc.*

0123785.0721850  4845-8976-9667