UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:20-CV-00115-JHM-HBB

GLEN MURPHY                                                                                                    PLAINTIFF

V.

ALERIS ROLLED PRODUCTS, INC.,                                                              DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss [DN 27-1]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion is DENIED.

## I. BACKGROUND

Plaintiff filed his Complaint in this case over 17 months ago, asserting discrimination claims. Over the course of the past 17 months, Plaintiff has repeatedly missed discovery deadlines set by the Magistrate Judge and agreed to by the parties. This has led to four different status conferences with the Magistrate Judge, in which later deadlines were set, only to be missed again by Plaintiff's counsel. [DN 27-1]. Plaintiff failed to provide Defendant with his Initial Rule 26 Disclosures on September 21, 2020; then again on October 2 and January 27, 2021. [*Id.*]. Plaintiff failed to provide adequate discovery responses by October 20, 2020; then again on February 14, 2021; then again on August 9 and September 24, 2021. [*Id.*]. When Defendant's counsel contacted Plaintiff's counsel amidst these ongoing delays to remind him of the deadlines and outstanding material, Plaintiff's counsel provided assurances, but never complete submissions. Plaintiff's counsel has provided a variety of excuses for why he failed to meet these deadlines, including serious, ongoing health issues that he has been dealing with and problems with his office receptionists and lack of organization. [*Id.*; DN 30-1].

After the latest missed deadline, Defendant moved to dismiss the case due to Plaintiff's non-responsiveness. In its Reply, Defendant lays out three items of discovery information that Plaintiff has not yet produced: (1) the EEOC's response to Plaintiff's August 9, 2021 FOIA letter; (2) a complete and correct answer to Defendant's Interrogatory No. 13, which requests that Plaintiff describe the substance of the allegations made by him in a prior EEOC Charge filed against one of his prior employers; and (3) a response to Defendant's Request for Production of Documents No. 14 concerning social media information that is directly relevant to the allegations in Plaintiff's Complaint. [DN 32 at 2–3]. This information was outlined to Plaintiff's counsel in multiple emails, and in multiple conferences with Magistrate Judge Brennenstuhl. [*Id.* at 3; *see* DN 27-18; DN 27-19; DN 27-22]. The Court understands that Plaintiff has finally provided Defendant's counsel with certifications of the discovery responses that have already been submitted, so that is no longer in dispute.

## II. STANDARD OF REVIEW

Rule 37 of the Federal Rules of Civil Procedure provides for involuntary dismissal as a sanction for a party's failure to comply with an order to provide discovery. *ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 582 (6th Cir. 2018) ("The Federal Rules of Civil Procedure grant district courts the authority to impose sanctions for discovery violations and failure to comply with court orders."). In determining whether it is appropriate to dismiss Plaintiff's Complaint for failure to obey an Order, the Sixth Circuit considers four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997).

### III. DISCUSSION

Although the missed deadlines are indisputably the fault of Plaintiff's counsel and caused prejudice to the Defendant in litigation costs, the Court considers dismissal to be too harsh a sanction at this juncture. Instead, the Court once again orders Plaintiff to provide Defendant's counsel with the three items that Defendant's counsel outlined in its Reply, in addition to any other outstanding discovery material requested, by **December 13, 2021**. If Plaintiff's counsel again fails to comply, the Court will entertain another motion for appropriate sanctions—to include dismissal of Plaintiff's case.

The Plaintiff repeatedly failed to comply with discovery orders. And although the Court did not impose the sanction of dismissal as requested by the Defendant, Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure requires the Court to order the disobedient party, or attorney, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure to comply with discovery orders. Therefore, on or before fifteen (15) days of the date of entry of this order, Defendant shall submit an itemization of expenses incurred as a result of Plaintiff's failure to comply. Response and reply times shall be governed by local rule.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [DN 27-1] is **DENIED**.

Plaintiff shall provide Defendant's counsel with the three items that Defendant's counsel outlined in its Reply, in addition to any other outstanding discovery material requested, by **December 13, 2021**.

**On or before fifteen (15) days of the date of entry of this order**, Defendant shall submit an itemization of expenses incurred as a result of Plaintiff's failure to comply.  Response and reply times shall be governed by local rule.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

December 1, 2021

cc:     Counsel of Record